**FILED**
**CLERK**
7/27/2016 11:46 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JXB 84 LLC,

                Plaintiff,

        -against-

NORMAN J. LOFTIS, THE UNITED STATES OF AMERICA DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, and JOHN DOES "1" THROUGH "12," said persons or parties having or claimed to have a right, title or interest in the mortgaged premises herein, their respective names are presently unknown to Plaintiff,

                Defendants.
----------------------------------------------------------X

**ADOPTION ORDER**
15-cv-5707(ADS)(ARL)

**APPEARANCES:**

**The Margolin & Weinreb Law Group, LLP**
*Attorneys for the Plaintiff*
165 Eileen Way, Suite 101
Syosset, NY 11791
    By: Alan H Weinreb, Esq.
       Randy J. Schaefer, Esq., Of Counsel

**Norman J. Loftis, <u>Pro</u> <u>Se</u>**
P.O. Box 566
Sag Harbor, NY 11963

**The United States Attorneys' Office, E.D.N.Y.**
*Attorneys for the Defendant IRS*
271 Cadman Plaza East
Brooklyn, NY 11201-1820
    By: Mary M. Dickman, Esq., Of Counsel

**SPATT, District Judge**.

On October 5, 2015, the Plaintiff JBX 84 LLC (the "Plaintiff") commenced this action by filing a complaint against the Defendants Norman J. Loftis ("Loftis"), the United States of America Department of Treasury acting through the Internal Revenue Service ("IRS"), and John

Does "1" through "12."  The Plaintiff sought to foreclose on a mortgage encumbering a property in Sag Harbor.

On February 18, 2016, the Clerk of the Court entered a certificate of default against the Defendant Loftis.

On February 25, 2016, the Defendant Loftis, proceeding *pro se*, filed a letter motion to vacate the Clerk's entry of default.

On April 5, 2016, this Court referred the motion by Loftis to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion should be granted.

On May 17, 2016, Judge Lindsay issued a report recommending that the Court vacate the certificate of default and that the Defendant's proposed answer be filed with the Court (the "R&R").

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety.  The Clerk of the Court is directed to terminate docket entry numbers 15 and 17, and to file the proposed answer by Loftis (Dkt. No. 15–1) on ECF as his answer in this action.

**SO ORDERED.**
Dated: Central Islip, New York
July 26, 2016

                                           _/s/ Arthur D. Spatt_
                                           ARTHUR D. SPATT
                                       United States District Judge